No. 100,373

STATE OF KANSAS, *Appellee*, v. JOSHUA M. HORN, *Appellant*.

(206 P.3d 526)

Opinion filed May 8, 2009.

*E. Jay Greeno*, of Wichita, argued the cause and was on the brief for appellant.

*Darrin C..Devinney*, assistant county attorney, argued the cause, and *Stephen N. Six*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Pursuant to a plea agreement, Joshua M. Horn pled guilty to one count of attempted aggravated criminal sodomy in violation of K.S.A. 21-3301(a), (c), and 21-3506(a)(1). Applying the provisions of K.S.A. 21-4643, commonly referred to as Jessica's Law, the district court sentenced Horn to life in prison with a mandatory minimum prison term of 25 years (hard 25). Horn appeals that sentence, claiming that he should have received a Kansas Sentencing Guidelines Act (KSGA) sentence for a nondrug severity level 1 felony, as provided in K.S.A. 21-3301(c). Applying the rule of lenity to resolve the conflicting statutory provisions applicable in this case, we vacate Horn's sentence and remand for resentencing under the KSGA for a nondrug severity level 1 crime.

The facts underlying Horn's conviction are not germane to this opinion; it is enough to know that Horn was convicted of *attempted*

aggravated criminal sodomy. The sole legal question before us is which of two statutes, each plainly applicable to the sentencing of attempted aggravated criminal sodomy, is to control. We exercise unlimited review of statutory interpretation questions, unfettered by the trial court's findings. See *State v. Thompson*, 287 Kan. 238, 243, 200 P.3d 22 (2009); *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

The crime of aggravated criminal sodomy is set forth in K.S.A. 21-3506. One means to commit the crime, as described in K.S.A. 21-3506(a)(1), is to engage in sodomy with a child under 14 years of age. If the offender is 18 years of age or older, the aggravated criminal sodomy described in subsection (a)(1) is an off-grid felony. K.S.A. 21-3506(c). In that circumstance, "the sentence shall be imprisonment for life pursuant to K.S.A. 21-4643, and amendments thereto." K.S.A. 21-4706(d). K.S.A. 21-4643, Jessica's Law, mandates a minimum prison term of 25 years for certain crimes, including "aggravated criminal sodomy, as defined in subsection (a)(1) or (a)(2) of K.S.A. 21-3506, and amendments thereto." K.S.A. 21-4643(a)(1)(D).

However, Horn was convicted of an attempt to commit aggravated criminal sodomy. K.S.A. 21-3506 does not specify attempted sodomy as a means of violating that statute. *Cf.* K.S.A. 21-3449 (specifically describing the crime of terrorism as including "the attempt to commit or the conspiracy to commit"). Therefore, as the State apparently recognized with its statutory citations in the amended information, attempted aggravated criminal sodomy is a separate offense created by the provisions of K.S.A. 21-3301(a), the statute setting forth the elements of the anticipatory crime of attempt. See *State v. Martens*, 274 Kan. 459, 464-65, 54 P.3d 960 (2002) (where statute only criminalized the manufacture of controlled substance, the attempted manufacture of controlled substance was a separate offense controlled by K.S.A. 21-3301[a]). In turn, K.S.A. 21-3301(c) specifies that an attempt to commit an off-grid felony is to be ranked at nondrug severity level 1, indicating that the presumptive sentence is to be found in the KSGA nondrug grid.

However, a provision of Jessica's Law, K.S.A. 21-4643(a)(1)(G), also purports to apply its hard 25 life imprisonment sentencing to "an attempt, conspiracy or criminal solicitation, as defined in K.S.A. 21-3301, 21-3302 or 21-3303, and amendments thereto, of an offense defined in paragraphs (A) through (F)." Thus, the same crime of attempted aggravated criminal sodomy, when committed by an adult offender on a child under 14 years, is subject to two statutory sentencing provisions: a KSGA sentence under the statute creating the offense, K.S.A. 21-3301, and an off-grid, mandatory minimum sentence under Jessica's Law, K.S.A. 21-4643.

Each statute is plain and unambiguous, which would normally preclude the application of any rules of construction or the reliance on legislative history. See *In re K.M.H.*, 285 Kan. 53, 79-80, 169 P.3d 1025 (2007). The conundrum arises not from any lack of clarity in statutory language, but rather from the existence of two statutes which appear to be controlling, yet are conflicting.

One proposed argument is that, when general and specific statutes are in conflict, the specific statute controls unless it appears the legislature intended otherwise. See *In re K.M.H.*, 285 Kan. at 82; *State v. Le*, 260 Kan. 845, 848, 926 P.2d 638 (1996). The argument here assumes that Jessica's Law is the specific statute. However, one could view the statute which sets forth the elements of the crime to be the specific one, and the statute which lumps together attempt, conspiracy, and solicitation for sentencing purposes to be more general. Here, the crime of attempt is specifically defined by K.S.A. 21-3301(a).

Nevertheless, the legislature sent a mixed message during the 2006 session in which it adopted Jessica's Law. That year, it also created the new crimes of terrorism (K.S.A. 21-3449) and illegal use of weapons of mass destruction (K.S.A. 21-3450). Both those statutes included attempts as a means of committing the crimes and clarified that the crimes were off-grid felonies. The legislature then took the further step of amending K.S.A. 21-3301(c), which ranks an attempt to commit an off-grid felony as a nondrug severity level 1, to specify that "[t]he provisions of this subsection shall not apply to a violation of attempting to commit the crime of terrorism pursuant to K.S.A. 21-3449, . . . or of illegal use of weapons of

mass destruction pursuant to K.S.A. 21-3450." Inexplicably, the legislature did not also include Jessica's Law as an exception to K.S.A. 21-3301(c). In other words, the legislature demonstrated an ability to clarify when it did not want the sentencing provision of K.S.A. 21-3301(c) to apply to an attempt to commit an off-grid felony, but chose not to do so with Jessica's Law.

The district court focused on the provisions of Jessica's Law, particularly noting that K.S.A. 21-4643(a)(2)(B) requires the sentencing court to impose the applicable guidelines sentence if it results in a longer prison term than the mandatory minimum of 25 years (300 months). That persuaded the district court that the legislative intent was to impose the longest possible prison term for the crimes listed in 21-4643(a)(1), including attempts. While that intuitive assessment of legislative intent is likely accurate, we cannot simply ignore the fact that the legislature did not clearly state its intent by amending K.S.A. 21-3301(c) to exclude K.S.A. 21-4643. *Cf. State v. Manbeck*, 277 Kan. 224, 228-29, 83 P.3d 190 (2004) (court assumes legislature meant what it passed, notwithstanding a perception that it intended to do something else).

Where the legislature fails to manifest a clear legislative intent by permitting the existence of conflicting statutory provisions, the rule of lenity must be considered. We recently discussed the rule in the context of multiplicity. See *Thompson*, 287 Kan. at 249; *State v. Pham*, 281 Kan. 1227, 1248, 136 P.3d 919 (2006). The general application of the rule is that " '[c]riminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute.' " *State v. Rupnick*, 280 Kan. 720, 735, 125 P.3d 541 (2005) (quoting *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 [2001]).

Employing the rule of lenity in this case leads us to resolve the conflicting statutory provisions in favor of Horn. Specifically, aggravated criminal sodomy in violation of K.S.A. 21-3506(a)(1) is an off-grid felony. K.S.A. 21-3506(c). Pursuant to K.S.A. 21-3301(c), the separate crime of attempted aggravated criminal sodomy is ranked as a nondrug severity level 1 felony. Therefore, we vacate Horn's hard 25 life sentence under 21-4643 and remand for ap-

propriate sentencing for a severity level 1 nondrug felony under the KSGA.

Sentence vacated and case remanded for resentencing.