No. 101,604

STATE OF KANSAS, *Appellee*, v. JAMES MALMSTROM, *Appellant*.

(249 P.3d 1)

Opinion filed March 25, 2011.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, argued the cause, and *Carl Folsom, III*, of the same office, was on the brief for appellant.

*Keith E. Schroeder*, district attorney, argued the cause, and *Steve Six*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: James Malmstrom directly appeals his sentence following guilty pleas to two counts of attempted aggravated indecent liberties with a child. More specifically, he claims that after the district court correctly departed from the life sentence with a mandatory minimum term of imprisonment contained in Jessica's Law, K.S.A. 21-4643, the court incorrectly refused to then depart from the applicable gridbox in the Kansas Sentencing Guidelines.

Based upon the holding and rationale of *State v. Horn*, 288 Kan. 690, 206 P.3d 526 (2009), we hold the district court erred. Accordingly, we vacate Malmstrom's sentence and remand to the district court for resentencing.

## FACTS

On August 6, 2008, the State charged Malmstrom with two counts of attempted aggravated indecent liberties with a child under K.S.A. 21-3504(a)(3)(A) and the attempt statute, K.S.A. 21-3301. The charges stemmed from events occurring on or between

April 1, 2007, and January 31, 2008, and involved children under the age of 14. Malmstrom was 50 years old at the time.

Malmstrom pleaded guilty to both counts. The plea agreement, in relevant part, provides:

"[P]ursuant to K.S.A. 21-4643(d), the State will agree to recommend a downward departure sentence from life prison sentences without parole for 25 years . . . [t]he departure would be to the presumptive guidelines sentence, which it is believed would be to a grid-level one presumptive prison sentence ranging from 147 months to 165 months in prison. The parties will further agree to recommend the midrange sentence of 155 months on each count."

During plea negotiations, both parties assumed that Malmstrom had no criminal history and that he would receive a criminal history score "I." But his presentence investigation report (PSI) revealed a prior conviction for residential burglary, which produced a criminal history score "D" for Count 1 (primary offense) and a criminal history score "I" for Count 2.

At sentencing, the parties continued to believe that without departure, Malmstrom's sentence was imprisonment "for life with a mandatory minimum term of imprisonment of not less than 25 years" under Jessica's Law, K.S.A. 21-4643. Malmstrom asked the district court to depart from that off-grid sentence to a severity level 1, and to a criminal history score "I" in Count 1 to match the one in Count 2. He claimed this resolution was the nature of the original plea agreement. The State expressed a continued interest in following the plea agreement. However, it "was not certain that the law allows for a double departure," *i.e.*, departing from the off-grid sentence to the sentencing guidelines, and then departing from his actual criminal history "D" to criminal history "I" for Count 1.

The district court found substantial and compelling reasons to grant a departure sentence under K.S.A. 21-4643(d). The judge specifically found that Malmstrom had no other significant prior criminal history, he was cooperative with law enforcement, and the victims asked for a lighter sentence. The judge then explained that Jessica's Law only permitted him to depart from the off-grid sentence of life and its mandatory minimum to the sentence pursuant to the guidelines, which the judge apparently interpreted to be a

severity level 1 offense. In this respect, the judge agreed with the State that he could not "double" depart on Count 1, *i.e.*, from off-grid to the sentencing guidelines, and then from the actual criminal history of "D" to "I."

Based upon the specific length of the sentences imposed, we are able to conclude that the judge followed this rationale. He departed from the off-grid sentence of life and its mandatory minimum to a severity level 1 offense. With a criminal history "D," Malmstrom received 240 months' imprisonment on Count 1, and with a criminal history "I" for Count 2, Malmstrom received 155 months' imprisonment. The sentences were to run concurrently.

More facts will be added as necessary to the analysis.

## ANALYSIS

*Issue: The district court erred by starting its departure analysis off-grid.*

The district judge believed that he was authorized to depart for both counts from the usual sentence of life imprisonment with a mandatory minimum of 25 years to severity level 1 for the sentence pursuant to the guidelines but was unable to then depart to a more beneficial criminal history for Count 1.

Resolution of this issue involves statutory interpretation, which is a question of law over which we exercise unlimited review. *State v. Ballard*, 289 Kan. 1000, 1006, 218 P.3d 432 (2009).

Malmstrom pleaded guilty to attempted aggravated indecent liberties with a child under K.S.A. 21-3504(a)(3)(A). Subsection (c) of that statute provides that for an offender 18 years of age or older, "aggravated indecent liberties with a child as described in subsection (a)(3) *is an off-grid person felony.*" (Emphasis added.)

Jessica's Law imposes a life sentence with a mandatory minimum of 25 years' imprisonment when a defendant is over 18 and convicted of, *inter alia*, aggravated indecent liberties with a child as defined in K.S.A. 21-3504(a)(3). See K.S.A. 21-4643(a)(1)(C). The latter statute further specifies that a conviction for an attempt to commit aggravated indecent liberties also warrants this sentence. K.S.A. 21-4643(a)(1)(G).

Based upon the district court's reading of Jessica's Law, it started its departure analysis off-grid. It then found substantial and compelling reasons to depart under K.S.A. 21-4643(d). Before we address the propriety of this particular departure, we must address the attempt statute's role in this case.

K.S.A. 21-3301(c), the attempt statute, provides that "[a]n attempt to commit an off-grid felony shall be ranked at nondrug severity level 1." Under this provision, a person convicted of attempting to commit an off-grid crime would receive a sentence on the sentencing grid for a severity level 1 felony. Until the 2010 legislature amended K.S.A. 21-3301(c), the only exemptions from this provision were the crimes of terrorism under K.S.A. 21-3449 and illegal use of weapons of mass destruction under K.S.A. 21-3450. See L. 2010, ch. 109, sec. 1. *State v. Horn*, 288 Kan. 690, 692-93, 206 P.3d 526 (2009).

Consequently, the application of Jessica's Law and the pre-amendment attempt statute to the present case produces two different sentencing outcomes. Under Jessica's Law, Malmstrom would receive a life sentence with a mandatory minimum of 25 years, unless the district court granted a departure under K.S.A. 21-4643(d). By contrast, the attempt statute lowers the off-grid felony to a nondrug severity level 1 crime, and Malmstrom would be sentenced on the non-drug sentencing grid. Any departure then would start from severity level 1 on the grid.

We begin our resolution of this statutory conflict with an advantage over the district court. After it sentenced Malmstrom in 2008, we addressed an almost identical issue in *State v. Horn*, 288 Kan. 690. In *Horn*, the defendant pleaded guilty to attempted aggravated criminal sodomy, an off-grid crime as defined in K.S.A. 21-3506(a)(1). Due to this particular crime, under K.S.A. 21-4643(a)(1) and (a)(1)(G) he received a life sentence with a mandatory minimum of 25 years.

On appeal, Horn argued that the statutorily required sentence in K.S.A. 21-4643 conflicted with the language in the attempt statute, K.S.A. 21-3301, where attempting to commit off-grid offenses is classified as a nondrug severity level 1 crime. We acknowledged that the legislature exempted terrorism and illegal use of weapons

of mass destruction from the attempt statute but failed to extend a similar exemption to any crime listed in Jessica's Law. As a result, the statutory language applicable in *Horn* prescribed conflicting treatment for the defendant's criminal conduct. Invoking the rule of lenity, we resolved the statutory conflict in favor of Horn, vacated the sentence, and remanded for sentencing appropriate for a severity level 1 nondrug felony under the sentencing guidelines. In other words, the attempt statute controlled. 288 Kan. at 693-94.

Presumably in response to our decision in *Horn*, the 2010 legislature amended the attempt statute by expanding the exemptions. In its current form, the attempt statute does "not apply to a violation of attempting to commit the crime of . . . aggravated indecent liberties with a child . . . [or] aggravated criminal sodomy . . . ." K.S.A. 2010 Supp. 21-3301(c)(2)(E) and (F). As a corollary, the legislature also amended the underlying statutes defining the new exemptions to specify that K.S.A. 2010 Supp. 21-3301(d)(2) "shall not apply to a violation of attempting to commit" the respective crimes. See, *e.g.*, K.S.A. 21-3504(d) (aggravated indecent liberties with a child); K.S.A. 21-3506(d) (aggravated criminal sodomy).

These amendments eliminate the conflict we faced in *Horn*. However, we presently face the same type of conflict because we analyze a defendant's criminal conduct under the penalty parameters as of the date of the commission of the offense. See *State v. Riley*, 259 Kan. 774, 776, 915 P.2d 774 (1996) ("the fundamental rule is that a person convicted of a crime is given the sentence in effect when the crime was committed"). Malmstrom pled guilty to conduct occurring "on or between the 1st day of April, 2007, and the 31st day of January, 2008." Therefore, we apply the version of each statute in effect when Malmstrom committed the offenses.

As in *Horn*, the attempt statute, K.S.A. 21-3301, and Jessica's Law, K.S.A. 21-4643, prescribe different treatments for the underlying offense: Here, attempted aggravated indecent liberties with a child under K.S.A. 21-3504(a)(3).

Also as in *Horn*, both the attempt statute and Jessica's Law are plain and unambiguous. Accordingly, we follow our rationale and holding in *Horn* by invoking the rule of lenity to resolve the stat-

utory conflict in favor of Malmstrom. Because the attempt statute ranks the off-grid felony of attempted aggravated indecent liberties with a child as a nondrug severity level 1 felony, we must conclude the district court erred in initially treating the offense as off-grid with a statutory sentence of imprisonment "for life with a mandatory minimum term of imprisonment of not less than 25 years." K.S.A. 21-4643(a). Simply put, there was no need for a judicial departure; the starting point is mandated by the attempt statute, K.S.A. 21-3301(c).

Per the rationale of *Horn,* we vacate Malmstrom's sentence ordered under K.S.A. 21-4643 and remand for appropriate sentencing for a severity level 1 nondrug felony under the sentencing guidelines. See 288 Kan. at 693-94. On remand, the district court possesses the authority to depart from the gridbox sentence for that level of offense and Malmstrom's criminal history.

Malmstrom also appears to suggest on appeal that the offense of attempted aggravated indecent liberties with a child is a severity level 5 felony. As a result, he appears to contend the district court should have simply sentenced per that level; in the alternative, the court should have *departed* from the life sentence and mandatory minimum of Jessica's Law to that level for sentencing. As we understand the basics of his argument, it consists of two components. First, aggravated indecent liberties with a child is a severity level 3 offense under K.S.A. 21-3504(a)(3) and (c) (engaging in certain acts with child under 14 years of age). Second, the level 3 offense is then reduced two levels under K.S.A. 21-3301(c) because it was an attempt. That attempt statute provides in relevant part:

"An attempt to commit an off-grid felony shall be ranked at nondrug severity level 1. *An attempt to commit any other nondrug felony shall be ranked on the nondrug scale at two severity levels below the appropriate level for the underlying or completed crime."* (Emphasis added.)

Malmstrom's argument fails, not only for the reasons expressed earlier in this opinion, but also because K.S.A. 21-3504(a)(3) and (c) provide that the severity level 3 felony described there becomes an off-grid person felony when "the offender is 18 years of age or older." Malmstrom was 50 years old at the time he attempted his

crimes. As mentioned, requests for departure from the gridbox sentence resulting from the severity level 1 felony mandated by K.S.A. 21-3301(c) and Malmstrom's criminal history will be addressed by the district court on remand.

Sentence vacated, and case remanded for resentencing.

MIKE KEELEY, District Judge, assigned.