(254 P.3d 556)

No. 104,222

STATE OF KANSAS, *Appellee*, v. SANDRA PERRY-COUTCHER, *Appellant.*

—

Opinion filed May 6, 2011.

*Shawn E. Minihan*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Steve Six*, attorney general, for appellee.

Before MARQUARDT, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.

ARNOLD-BURGER, J.: Sandra Perry-Coutcher challenges the district court's order mandating that she attend a community corrections drug treatment program. Because the court had no statutory authority to sentence her to a community corrections program, we reverse and remand the case for resentencing.

Perry-Coutcher was convicted of attempted possession of opiates in violation of K.S.A. 21-3301 and sentenced to 18 months of probation with an underlying prison term of 9 months. The district

court also ordered her to complete mandatory drug treatment for up to 18 months pursuant to K.S.A. 21-4729, commonly referred to as S.B. 123 mandatory drug treatment. The sole issue on appeal is whether the district court was authorized to order Perry-Coutcher to mandatory drug treatment pursuant to K.S.A. 21-4729 after a conviction for *attempted* possession of opiates. The answer rests with our interpretation of K.S.A. 21-4729.

Interpretation of a statute is a question of law over which this court has unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it. *State v. Trautloff*, 289 Kan. 793, 796, 217 P.3d 15 (2009).

There is no ambiguity in the language of K.S.A. 21-4729. It requires that the district court order drug treatment for all offenders subject to its terms. By its clear language, its application is limited to offenders convicted of crimes under K.S.A. 2007 Supp. 65-4160 and K.S.A. 2007 Supp. 65-4162. While Perry-Coutcher was charged with a crime under K.S.A. 2007 Supp. 65-4160 (possession of opiates), she was convicted of a violation of a crime under K.S.A. 21-3301 (attempted possession of opiates). A conviction for an attempt to commit a crime under K.S.A. 21-3301 is not covered in K.S.A. 21-4729. Therefore, the district court erred when it ordered Perry-Coutcher to complete mandatory drug treatment under K.S.A. 21-4729. See *State v. Horn*, 288 Kan. 690, Syl. ¶ 2, 206 P.3d 526 (2009) ("Where the statute defining a crime does not include an attempt as a means of violating that criminal statute, an attempt to commit the crime is a separate offense which is created and defined by the provisions of K.S.A. 21-3301[a]."); *State v. Knight*, 44 Kan. App. 2d 666, 681, 241 P.3d 120 (2010), *rev. denied* 292 Kan. 967 (2011) (holding that because the separate crime of attempted possession of cocaine was not explicitly included within K.S.A. 21-4204[a][4][A], it could not be used to convict a defendant of criminal possession of a firearm under K.S.A. 21-4204[a][4][A]).

The State agreed at sentencing that the district court was not required to order Perry-Coutcher into drug treatment under

K.S.A. 21-4729. However, for the first time on appeal, the State argues that K.S.A. 21-4610(a) and (b) allows the district court discretion to order treatment and assignment to community corrections programs as a condition of probation. The State contends that the district court's decision should be upheld even if its reasoning was incorrect. See *State v. Murray*, 285 Kan. 503, 533, 174 P.3d 407 (2008).

The general rule is that issues not raised before the district court cannot be raised on appeal. *State v. Warledo*, 286 Kan. 927, 938, 190 P.3d 937 (2008). Nevertheless, there are several exceptions to the general rule including the following: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal despite its relying on the wrong ground or its assigning a wrong reason for its decision. *State v. Hawkins*, 285 Kan. 842, 845, 176 P.3d 174 (2008).

We will consider this newly asserted theory because it falls under the first exception to the general rule. Again, this is an issue of statutory construction over which we have unlimited review.

Even if the district court is not required to order a defendant into mandatory drug treatment under K.S.A. 21-4729, it has the discretion to sentence an offender to community corrections and require alcohol and drug treatment. K.S.A. 21-4603d(a)(4), (7), and (11). A district court has the discretion to establish conditions of probation, which may include assignment to a community corrections program or alcohol and drug treatment. K.S.A. 21-4610(a)-(c). However, both statutes require that in order to assign an offender to community corrections, the defendant must meet one of the criteria in K.S.A. 2007 Supp. 75-5291. To determine if the district court had the authority to sentence Perry-Coutcher to a community corrections alcohol and drug treatment program, we need to examine whether she met any of the criteria in K.S.A. 2007 Supp. 75-5291.

Perry-Coutcher's criminal history score and crime of conviction placed her in the 4-G grid block of the sentencing guidelines, a

presumptive probation box. K.S.A. 21-4705(a). A review of the criteria reveals that Perry-Coutcher did not meet any of the criteria required for assignment to a community corrections program. The State argues that she met the criteria under K.S.A. 2007 Supp. 75-5291(a)(2)(E), which allows community corrections programming for offenders who are found high risk or needs or both. Perry-Coutcher did complete a risk assessment and was classified as "very high" risk for alcohol and drug problems, emotional and personal issues. However, subsection (2)(E) was not in effect at the time Perry-Coutcher committed her crime or at the time she was sentenced for this crime. In fact, since July 1, 2006, the provision has not been operative. Each year, when it was scheduled to become effective, the legislature extended the effective date. See L. 2006, ch. 172, sec. 2; L. 2008, ch. 116, sec. 2; L. 2009, ch. 132, sec. 15.

Therefore, the district court had no discretionary authority to sentence Perry-Coutcher to any community corrections treatment program.

The district court was clearly troubled by Perry-Coutcher's risk for alcohol and drug problems and was seeking a way to address that risk. The statutes do provide a path to achieve what the district court sought to accomplish. K.S.A. 21-4610 allows the district court to set conditions of probation. Drug and alcohol treatment can be made a condition of probation. A defendant can be ordered to complete such treatment as part of a probation supervised by court services, rather than community corrections. See K.S.A. 20-346a. It was the district court's requirement that Perry-Coutcher complete a community corrections treatment program that was without statutory authority. We reverse the district court's sentencing order and remand the case for resentencing.

Reversed and remanded for resentencing.