IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40823

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 432 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 28, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KIM ROLLIE BILBREY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order revoking probation and requiring execution of unified ten-year sentence with four-year determinate term for domestic battery, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

LANSING, Judge

Kim Rollie Bilbrey was convicted of felony domestic battery. He was placed on probation, but before completing his period of probation, the State alleged that Bilbrey violated the terms of probation. The court found that Bilbrey did violate the terms of his probation and revoked his probation on that basis. On appeal, Bilbrey argues that the district court erred by revoking his probation or, alternatively, by not reducing his sentence after revoking his probation.

## I.

## BACKGROUND

Bilbrey was charged with one count of attempted strangulation in violation of Idaho Code § 18-923; one count of felony domestic battery in violation of I.C. §§ 18-903, 18-918(2); one

1

count of misdemeanor domestic battery in violation of I.C. §§ 18-903, 18-918(3)(b); and one count of domestic assault in violation of I.C. §§ 18-901, 18-918(3)(a). The State also alleged that Bilbrey was a persistent violator of the law as defined in I.C. § 19-2514. Pursuant to a binding plea agreement, Bilbrey entered an *Alford*[1] plea to a single count of felony domestic battery and the remainder of the charges, along with the allegation that Bilbrey was a persistent violator, were dismissed. Consistent with the plea agreement, the court sentenced Bilbrey to a unified term of ten years' imprisonment with four years fixed. However, the court suspended the sentence and placed Bilbrey on four years of probation.

Bilbrey was subjected to numerous conditions of probation. Among these, the court ordered that Bilbrey not contact his victim, complete a domestic violence treatment program, not violate the law, and comply with the "rules, regulations, and requirements of the Idaho Department of Corrections." His probation officer imposed additional terms of supervision including not leaving the judicial district, informing any police officer he came into contact with that he was a probationer, informing his probation officer of any police contact, attending certain meetings, and not acquiring or maintaining certain surveillance equipment at his home.

On December 19, 2012, the State initiated probation revocation proceedings. It filed a report of probation violation and later, an addendum to that report. In all, it alleged thirteen probation violations. The court held two probation revocation hearings at which the State and Bilbrey presented evidence. During the hearings, the State withdrew one allegation and the court dismissed four others. The court found that the State had met its burden of proof as to eight of the alleged probation violations. After finding that Bilbrey violated the terms of probation, the court revoked his probation and ordered execution of the underlying sentence.

## II.

## ANALYSIS

On appeal, Bilbrey argues that the court erred when it concluded that the State met its burden as to five of the probation violation allegations. In the alternative, he contends that the trial court should have reduced his sentence upon revoking probation.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

**A.** **Bilbrey Has Failed to Show That He Is Entitled to Any Relief From the District Court's Determination That Bilbrey Violated the Terms of Probation**

In reviewing an order revoking probation, we ask whether the probationer violated the terms of his probation, and if so, whether the violation justifies revocation of the probation. *State v. Knutsen*, 138 Idaho 918, 923, 71 P.3d 1065, 1070 (Ct. App. 2003); *see also State v. Hall*, 114 Idaho 887, 888, 761 P.2d 1239, 1240 (Ct. App. 1988). "A court's finding that an alleged violation has been proved will be upheld on appeal if there is substantial evidence in the record to support the finding." *State v. Lafferty*, 125 Idaho 378, 381, 870 P.2d 1337, 1340 (Ct. App. 1994). We review the court's decision to revoke probation, as the remedy for the probation violation, for an abuse of discretion. *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009); *Lafferty*, 125 Idaho at 381, 870 P.2d at 1340.

The district court found that the State had met its burden to prove eight probation violations. On appeal, Bilbrey concedes that the State proved three of these, each of which concerns Bilbrey's failure to report to meetings scheduled with his probation officer. Bilbrey asserts that the court erred by finding that the State met its burden to prove the other five violations.

One of the alleged violations that Bilbrey contends was not proven was the allegation that he attempted to contact his victim in violation of a no-contact order. Bilbrey asserts that the State did not show that this violation occurred and was willful. At the hearing, the State called Bilbrey's victim, who testified that she received a collect call from a correctional facility and heard Bilbrey's voice asking to speak to her. According to the victim, in the portion of the call where a collect caller states his name, Bilbrey said "[victim's name], please." Bilbrey's victim did not accept the call and there was no further communication. Bilbrey's probation officer testified that a prison record shows that Bilbrey attempted to make a call from inside that correctional facility, on that date, to the victim's phone. Bilbrey countered this allegation with evidence that the victim had permitted Bilbrey's son to use that phone for a period of time. He also adduced evidence that Bilbrey's probation officer attempted to listen to a recording of the phone call and did not hear Bilbrey ask to speak to the victim.

Bilbrey argued below, and on appeal, that the State failed to prove that he willfully contacted his victim. When assessing the victim's credibility, the court found that neither party explained how the prison's recording process worked and, absent some explanation, it was not clear if the recording system would record the portion of the call in which Bilbrey allegedly

3

spoke. Thereafter, the district court found that Bilbrey's victim was credible and credited her statement that Bilbrey said "[victim's name], please." On this basis, the court concluded that there had been contact. When addressing willfulness, the court concluded that Bilbrey was not attempting to call his son, but was attempting to call his victim. In its view, Bilbrey's use of the words "[victim's name], please" unequivocally evinced his intent to contact the victim.

We conclude that the district court's decision was based upon substantial evidence. The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). Bilbrey's assertion that the recording rendered the victim less credible was properly raised below but was rejected by the district court. On appeal, the fact finder's determination that the victim was a credible witness will not be disturbed. Regardless of whether Bilbrey's son also used that phone, the victim's credited testimony was that Bilbrey placed the call and asked to speak to *her*. Bilbrey has not shown any error in the court's finding that this probation violation occurred.

The district court also found that the State had proven that Bilbrey failed to complete a domestic violence program. The parties agreed that Bilbrey did not complete the program, but disagreed regarding the reasons for the failure. Their dispute centered around a report from the treatment program staff:

> Our office has received information from Mr. Bilbrey's assigned probation officer that Mr. Bilbrey has violated the terms of his probation, which is a violation of his Domestic Violence treatment program. We have also received information that a protection order has been granted against Mr. Bilbrey for recent abusive behaviors. Due to the violations of his treatment program, he has been discharged as Non Compliance from his court ordered Domestic Violence treatment program.

Bilbrey argues that this report demonstrates his failure to complete the program was not willful because it resulted from his probation officer's calling program staff and informing them of his probation violations. He also relies on documents showing that he was complying with treatment at the time of his discharge.

The district court held that Bilbrey "engaged in volitional conduct, the natural consequence of which was he was arrested and did not successfully complete his domestic violence treatment program." The court noted various willful failures to comply with the terms

4

of probation and determined that those failures led to Bilbrey being discharged from his treatment program.

If the State does not show that a probation violation was willful, "a court may not revoke probation and order imprisonment without first considering alternative methods to address the violation." *State v. Leach*, 135 Idaho 525, 529, 20 P.3d 709, 713 (Ct. App. 2001). For example, in *Lafferty*, 125 Idaho at 382, 870 P.2d at 1341, we held that the probationer had not willfully violated a term prohibiting him from moving out of a Salvation Army facility without consulting his probation officer. The probationer was removed from his work program because he was unable to perform the work assigned. As a result of his termination, he and his belongings were physically removed from the premises. This Court concluded that the probationer's conduct in that case was not willful.

*Lafferty* is readily distinguishable from the case before us. In *Lafferty*, the conduct causing the violation of the terms of probation was an inability to perform certain work. Here, Bilbrey was removed from his treatment program because of his own wrongful conduct that not only violated his probation terms but also violated the rules of the domestic violence program. That the treatment provider learned of these violations from the probation officer does not make the officer the "cause" of Bilbrey's termination from the program. The district court properly found that the termination, and the willfulness of this violation, were proved by the State.

We need not address Bilbrey's argument that the remaining allegations were unproven. Even assuming that those probation violations are not supported by substantial evidence, any remand based upon those probation violations is unnecessary because we are able to discern from the record that Bilbrey's probation would have been revoked even if the remaining violations had not been found proven. Ordinarily, a ruling "tainted by legal or factual error" must be vacated and the matter remanded for a new determination by the lower court. *State v. Upton*, 127 Idaho 274, 276, 899 P.2d 984, 986 (Ct. App. 1995). A remand may be avoided, however, where it is apparent from the record that the result would not change or that a different result would represent an abuse of discretion.[2] *State v. Truman*, 150 Idaho 714, 723, 249 P.3d

---

[2]      Bilbrey cites *State v. Blake*, 133 Idaho 237, 243, 985 P.2d 117, 123 (1999) as contrary authority. In that case, the district court's order revoking probation was based upon two probation violations: new criminal convictions and the probationer's failure to attend a single meeting. The Idaho Supreme Court vacated the new convictions, leaving the failure to attend a

1169, 1178 (Ct. App. 2010). Therefore, in *Upton* we held that "if the district court erred in finding one probation violation but correctly found one or more other violations, remand is not necessary if it is clear from the record that the district court would have revoked probation based solely upon the other violations." *Upton*, 127 Idaho at 276, 899 P.2d at 986; *see also State v. Mummert*, 98 Idaho 452, 455, 566 P.2d 1110, 1113 (1977).

According to the district court's comments at Bilbrey's hearing, its decision to revoke probation was based upon five major considerations. First, Bilbrey's underlying criminal conduct was very serious. Second, the court saw Bilbrey as a continued risk to the community in view of his extensive criminal history, including crimes of violence and gun charges. Third, Bilbrey's conduct showed his unwillingness to comply with the more technical rules of probation. Fourth, the court was concerned that Bilbrey had attempted to contact his victim in violation of a no-contact order. Finally, Bilbrey failed to complete a domestic violence program and was removed from that program. Here, the violations that Bilbrey concedes, together with those that we have found to be supported by the evidence, thoroughly undergird the district court's stated basis for revocation. We are confident that the district court would have revoked probation if these had been the only violations alleged. Therefore, Bilbrey has shown no reversible error in the decision to revoke probation.

**B.      The Court Did Not Err When It Imposed the Underlying Sentence Without a Reduction**

Bilbrey next argues that even if his probation was properly revoked, the district court abused its discretion by failing to sua sponte reduce the sentence upon revocation. After a probation violation has been established, the trial court may order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here.

_____

single meeting as the sole basis of the probation revocation. In that context, the Supreme Court remanded the probation revocation to the district court. While the Supreme Court did not explicitly reference our ruling regarding futile remands, its reasoning is consistent with that rule. Accordingly, we do not view it as contrary authority.

*See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Applying the foregoing standards, and having reviewed the record in this case, we conclude that the district court did not abuse its discretion by ordering execution of Bilbrey's original sentence without modification.

The district court's order revoking probation and ordering execution of Bilbrey's sentence, without modification, is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**