NOT DESIGNATED FOR PUBLICATION

No. 120,654

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAMIEN M. TERRELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed September 20, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

POWELL, J.: This is Damien M. Terrell's third appeal to this court. Terrell now appeals the district court's summary denial of his third motion to correct illegal sentence. We granted Terrell's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State filed a response not objecting to summary disposition but requesting that the district court be affirmed. For the reasons we explain below, we affirm the district court's judgment.

Because the parties are well acquainted with the facts and lengthy procedural history, we will attempt to summarize. On July 28, 2011, Terrell was charged with two counts of offender registration violation, contrary to K.S.A. 2010 Supp. 22-4903. Count

1

one alleged he had unlawfully failed to register during the time period from January 1, 2011 until January 31, 2011. Count two alleged Terrell had unlawfully failed to register during the time period from February 1, 2011 until February 28, 2011. The criminal complaint listed both crimes as severity level 5 person felonies.

Effective July 1, 2011, the Legislature amended K.S.A. 22-4903 and changed the classifications for a number of offender registration violations, which—had they been in effect at the time Terrell committed his crimes—would have reduced his convictions from severity level 5 person felonies to severity level 6 nonperson felonies. See L. 2011, ch. 95, § 3, 15. On December 22, 2011, Terrell pled guilty as charged; on September 7, 2012, the district court sentenced Terrell to 120 months in prison but granted him a dispositional departure to probation for a period of 36 months. Terrell did not file a direct appeal. On April 16, 2013, the district court revoked Terrell's probation and ordered that he serve his underlying prison sentence.

Shortly after his probation was revoked, Terrell filed a number of pro se motions seeking relief, one of which was a motion to correct illegal sentence. We surmise perhaps Terrell had read the new version of K.S.A. 22-4903 because he complained that his two offender registration violation convictions should have been charged as severity level 6 nonperson felonies instead of severity level 5 person felonies. The State replied, correctly, that the criminal statute in effect at the time the defendant committed the crime controls, citing *State v. Vandervort*, 276 Kan. 164, 180, 72 P.3d 925 (2003). The district court agreed with the State and denied Terrell's motion. Terrell then appealed, and this court summarily affirmed, finding that *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016), controlled. See *State v. Terrell*, No. 111,197, order issued June 24, 2016.

Before this court issued its June 2016 order, Terrell filed, among other motions, another motion to correct illegal sentence in the district court, this time claiming that at

the time he committed his drug offenses in 2004, such offenses did not create a duty to register under KORA and that subsequent amendments to KORA requiring registration violated the Ex Post Facto Clause, making his convictions invalid. Another panel of this court rejected his appeal on procedural grounds but observed that Terrell's argument lacked merit anyway. *State v. Terrill*, No. 117,741, 2018 WL 3795391, at *3 (Kan. App. 2018) (unpublished opinion).

Undeterred by prior rejections of his contentions of error, Terrell filed more motions in the district court. On July 10, 2018, Terrell filed a pleading entitled "Motion for 22-4903 Violation of act; aggravated violation; penalties; new and separate offense prosecution, venue." Ten days later he filed a motion seeking an evidentiary hearing. On August 2, 2018, he filed another motion to correct illegal sentence. These motions all sought the same relief Terrell had previously sought—reclassification of his convictions from severity level 5 person felonies to severity level 6 nonperson felonies. However, unlike before, Terrell's argument relied on the notion that because KORA can be applied retroactively, he was entitled to retroactive application of the new version of K.S.A. 22-4903, which he claimed should result in his convictions being classified as severity level 6 nonperson felonies. The district court summarily denied this motion as well, and Terrell now appeals, bringing the issue again before this court.

First, given our court's prior rulings, Terrell is already aware that a motion to correct an illegal sentence is not the proper vehicle to challenge a conviction, which is what Terrell is doing here. See *State v. Sims*, 294 Kan. 821, Syl. ¶ 1, 280 P.3d 780 (2012). Second, the doctrine of res judicata bars any relief because the issue has already been litigated and decided adversely to Terrell. See *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008) (defendant may not file motion "'to breathe new life'" into issue previously adversely decided); *State v. Collier*, 263 Kan. 629, 633-35, 952 P.3d 1326 (1998) (res judicata bars second attempt at litigating issue when issue already decided). Accordingly, on procedural grounds alone, we must affirm the district court.

But even if Terrell had properly brought this issue before us, his argument still lacks merit. Terrell is correct that our Supreme Court has held KORA to be a regulatory scheme which is civil and nonpunitive in nature, meaning it is not punishment and can be applied retroactively. See *State v. Reed*, 306 Kan. 899, 904, 399 P.3d 865 (2017) (because KORA not punishment, may be applied retroactively and does not implicate Ex Post Facto Clause); *Petersen-Beard*, 304 Kan. at 194, 209 (KORA not punishment). However, Terrell's argument misses the nuance that while the duty to register and the extent of that duty under KORA is a civil regulatory scheme having retroactive effect, K.S.A. 22-4903 is a criminal statute that punishes an offender for failing to register as required by KORA, and a criminal statute does not have retroactive effect. See K.S.A. 2018 Supp. 22-4903; *State v. Jaben*, 294 Kan. 607, 612-13, 277 P.3d 417 (2012) (criminal statute operates prospectively unless legislative intent clearly suggests otherwise); *State v. Stegman*, 41 Kan. App. 2d 568, 572, 203 P.3d 52 (2009) ("[S]ubstantive laws define criminal acts and prescribe punishments.").

Moreover, it is well settled that a defendant's criminal conduct and punishment is analyzed and determined in accordance with the law in effect at the time the defendant committed the crime. See *State v. Malmstrom*, 291 Kan. 876, 880, 249 P.3d 1 (2011) (defendant's conduct analyzed under penalty parameters as of date of commission of offense); *State v. Dailey*, 228 Kan. 566, 569, 618 P.2d 833 (1980) (penalty applicable to crime is provided by statute at time crime is committed). Therefore, the amendments made to K.S.A. 22-4903 after Terrell committed his crimes cannot benefit him. See *State v. Roseborough*, 263 Kan. 378, 386, 951 P.2d 532 (1997) ("Offenders are not entitled to automatic conversion of their sentences by the passage of every change in the sentencing laws."). Terrell is not entitled to have his two convictions for offender registration violation reclassified as severity level 6 nonperson felonies because they were severity level 5 person felonies when he committed them.

Affirmed.