**J.C. STOKES, Plaintiff,**

v.

**Verne ORR, Secretary of the Air Force, Defendant.**

Civ. A. No. 85–2170–S.

United States District Court, D. Kansas.

Sept. 13, 1985.

C.W. Cade, Ed Schneeberger, Chartered, Leavenworth, Kan., John A. Dicke, Denver, Colo., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., Julie Robinson Trice, Asst. U.S. Atty., Kansas City, Kan., Alexander S. Nicholas, Major, General Litigation Div., Office of The

Judge Advocate General, United States Air Force, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to dismiss pursuant to Rule 12(b)(1) and (6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. This action involves an appeal of plaintiff's conviction of felony counts by court-martial.

Defendant asserts that plaintiff has failed to state a claim upon which relief can be granted because the Secretary's power to grant the requested relief has been removed by an act of Congress. Defendant also contends that to the extent that the complaint is construed as a money claim against the United States, pursuant to the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491, plaintiff's claim should be dismissed for lack of subject matter jurisdiction.

Plaintiff asserts that the 1983 amendments to 10 U.S.C. §§ 1552 and 1553 are not to be applied retroactively. Further, plaintiff contends that if this legislation is applied retroactively, it would result in a violation of the *ex post facto* clause of the United States Constitution. Plaintiff bases his right to review based on his right to redress the alleged violations of his constitutional rights during his court-martial proceedings.

■ The court will initially address defendant's claim that plaintiff has failed to state a claim upon which relief may be granted due to the 1983 amendments to 10 U.S.C. §§ 1552 and 1553. The court finds that the language and legislative history of the Military Justice Act supports defendant's contention that the Secretary has no power to overturn court-martial convictions by "correcting the records." It is therefore necessary to address plaintiff's assertion that a retroactive application of the 1983 amendment to a prior court-martial conviction would be a violation of the *ex post facto* clause.

To establish a violation of the *ex post facto* clause, two elements are required: the law in operation (1) "must apply to events occurring before its enactment;" and (2) "it must disadvantage the offender affected by it." *Johnson v. United States Parole Commission,* 555 F.Supp. 461, 462 (D.Minn.1982), *quoting Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).

■ It is a well-settled rule of law that legislation is presumed to apply prospectively, and that it is a plaintiff's burden of proof to show that the statute is to be given retroactive effect. *Greene v. United States,* 376 U.S. 149, 160, 84 S.Ct. 615, 621–22, 11 L.Ed.2d 576 (1964). After a careful examination of the statute, there can be little doubt that 1983 amendments to 10 U.S.C. §§ 1552 and 1553 were intended to apply retroactively. A review of the case law and legislative history clearly supports this proposition. It was the precise inadequacies and inexperience of the Board For The Correction Of Military/Naval Records [BCMRS] and Secretaries which prompted the passage of the 1983 amendment. Rep. No. 53, 98 Cong. 1st Sess. 11, 36 (1983).

Plaintiff argues that if the Military Justice Act is applied retroactively, it violates his constitutional right to appeal.

Once it has been determined that the congressional intent of legislation is to apply it retroactively, the statute is presumed constitutional. *United States v. Northeastern Pharmaceutical & Chemical Co., Inc.,* 579 F.Supp. 823, 840 (W.D.Mo.1984). The burden is then on the plaintiff to prove that Congress acted arbitrarily and irrationally. The court finds that plaintiff has not proffered sufficient evidence to state a claim of the unconstitutionality in applying 10 U.S.C. §§ 1552 and 1553 retroactively. The court finds that defendant's motion pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted should be granted.

The court finds that it is unnecessary to rule on the merits of defendant's motion to

dismiss for lack of subject matter jurisdiction.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for failure to state a claim upon which relief may be granted should be granted. IT IS FURTHER ORDERED that defendant's motion to dismiss for lack of subject matter subjection is hereby denied as moot.