(744 P.2d 143)

No. 60,047

STATE OF KANSAS, *Appellee*, v. PHILIP D. ANDERSON, *Appellant*.

Opinion filed October 8, 1987.

*Richard A. Pinaire*, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, Chartered, of Junction City, for the appellant.

*Rodney H. Symmonds*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, P.J., ROBERT L. GERNON, District Judge, assigned, and THOMAS W. REGAN, District Judge, assigned.

REGAN, J.: On September 25, 1974, the defendant, Philip D. Anderson, entered a plea of guilty and was convicted of one count of violating K.S.A. 21-3511, aggravated indecent solicita-

tion of a child. Defendant was released from probation on March 17, 1977.

Defendant appeals from the district court's denial of his application for expungement. K.S.A. 1986 Supp. 21-4619. The sole issue on appeal is whether the district court's application of 21-4619(c)(6) to the facts of this case violates the ex post facto clause of the United States Constitution.

Defendant's contention was not directly presented to the trial court. It is well settled that issues not presented to the trial court will not be considered for the first time on appeal. *Lostutter v. Estate of Larkin*, 235 Kan. 154, Syl. ¶ 6, 679 P.2d 181 (1984). However, if a newly asserted issue involves only a legal question arising on proved or admitted facts which will be finally determinative of the case, or if consideration is necessary to serve the ends of justice or to prevent a denial of fundamental rights, an appellate court may consider the issue even though not considered by the trial court. *State v. Baker*, 11 Kan. App. 2d 4, 9, 711 P.2d 759 (1985) (citing *Pierce v. Board of County Commissioners*, 200 Kan. 74, 80-81, 434 P.2d 858 [1967]). This court will address the issue as we determine consideration of the issue necessary to prevent a denial of fundamental rights.

The expungement statute in effect at the time of defendant's conviction, K.S.A. 21-4617(a)(Weeks), provided:

"Every offender who was twenty-one (21) years of age or older at the time of the commission of the crime for which he was committed and who has . . . fulfilled the conditions of his probation . . . may petition the court five (5) years after the . . . fulfilling of such conditions of probation . . . and may request that his record be expunged of such conviction if during such five (5) year period such person has exhibited good moral character and has not been convicted of a felony.

On July 1, 1986, K.S.A. 1986 Supp. 21-4619(c) went into effect, providing:

"There shall be no expungement of convictions for the following offenses: . . . (6) aggravated indecent solicitation of a child as defined in K.S.A. 21-3511 and amendments thereto."

At the time he committed the offense and at the time he was convicted, defendant was eligible to apply for expungement after five years. However, subsequent amendments to the expungement statute have eliminated that opportunity.

Article 1, Section 9, of the United States Constitution provides: "No Bill of Attainder or *ex post facto* Law shall be passed." In addition, Article 1, Section 10, provides: "No State shall . . . pass any . . . *ex post facto* Law." In *Weaver v. Graham*, 450 U.S. 24, 28, 67 L. Ed. 2d 17, 101 S. Ct. 960 (1981), the court stated that the ex post facto prohibition "forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' " For a criminal or penal law to be ex post facto, two elements must be present: the law "must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver*, 450 U.S. at 29; *Stokes v. Orr*, 628 F. Supp. 1085, 1086 (D. Kan. 1985).

Here, the district court applied K.S.A. 1986 Supp. 21-4619(c)(6) to "events occurring before its enactment" (the 1974 conviction). By applying the statute to the 1974 conviction, the district court's action clearly meets the first element of an ex post facto law.

As to the second element, defendant contends the district court's application of the 1986 statute "disadvantaged" him in that it imposed additional punishment to that originally prescribed. The issue as to the second element then becomes whether elimination of the expungement remedy is a "punishment" within the meaning of the ex post facto clause. The Supreme Court noted in *Weaver*, 450 U.S. at 32 n.17: "The critical question . . . is whether the new provision imposes greater punishment after the commission of the offense, not merely whether it increases a criminal sentence." In other words, the additional punishment prescribed by the ex post facto clause need not be in the form of a prolonged sentence; rather, the clause applies generically to all "punishments."

Our Supreme Court has recognized that expungement is in fact an integral part of the sentencing process. *Stephens v. Van Arsdale*, 227 Kan. 676, 689, 608 P.2d 972 (1980); *State v. Miller*, 214 Kan. 538, 545, 520 P.2d 1248 (1974). In *Miller*, our Supreme Court recognized the significance of societal sanctions and suggested that merely having a criminal record is in fact punishment:

"Over the past 50 years American correctional law, turning away from the vengeance concept, has focused increasingly on the rehabilitation of the individual offender and the development of means and practices appropriate to that end. It has become common knowledge today that a criminal record is a serious handicap which works against the rehabilitation of the ex-offender. The consequences of a criminal conviction include not only the formal penalties and restrictions imposed by law but also collateral sanctions incidentally imposed by society. Although the criminal offender has paid his debt imposed by law, society stigmatizes him with the ex-convict label." 214 Kan. at 542.

We conclude that denying defendant the opportunity to expunge his criminal record constitutes a punishment and denying him the opportunity to remove his criminal record disadvantages him; applying K.S.A. 1986 Supp. 21-4619(c)(6) to defendant's 1974 conviction to retroactively eliminate the opportunity to remove defendant's criminal record violates the ex post facto clause of the United States Constitution. Accordingly, we reverse and remand for consideration of defendant's motion based upon the law in effect at the time the defendant committed the offense of which he was convicted.

Reversed and remanded.