**and Concerning The People of the State of Colorado, Colorado State Board of Nursing, and Department of Regulatory Agencies, Appellees.**

**No. 90CA0482.**

Colorado Court of Appeals, Div. III.

July 5, 1991.

Springer and Steinberg, P.C., Harvey A. Steinberg, Denver, for appellant.

Milton K. Blakey, Dist. Atty., Keith Cross, Asst. Dist. Atty., Glenwood Springs, for appellee The People of the State of Colo.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathie A. Clinton, Asst. Atty. Gen., Denver, for appellee Bd. of Nursing.

Opinion by Judge PLANK.

Petitioner, R.B., appeals the trial court's denial of her request for an order limiting access to her criminal records. We reverse.

Petitioner pled guilty to a charge of theft and was granted a deferred judgment. The charge was later dismissed with prejudice when petitioner successfully completed the terms of her deferred judgment. After the dismissal, petitioner sought the entry of an order limiting access to or, alternatively, the sealing of all arrest and criminal records containing information relating to the charge.

At the time petitioner committed the offense and when she was granted a deferred judgment, Colo.Sess.Laws 1983, ch. 189, § 24–72–308 at 680–681 provided for automatic limited access to the criminal records relating to dismissed charges unless the accused requested otherwise. However, when petitioner sought the limiting access order, the statute had been amended to require the accused to petition the court for the relief. It further required that the court balance the privacy interests of the individual against the public interest in retaining the records. Section 24–72–308, C.R.S. (1988 Repl.Vol.10B).

The trial court determined that the revised version of the statute applied and that, under the circumstances, the public

interest outweighed petitioner's interests in privacy. Thus, the court denied the petition.

Petitioner contends that the trial court erred in applying § 24–72–308 as amended. She argues that the application of the revised statute to her situation constitutes an *ex post facto* application of the law which violates the United States and Colorado constitutions. We agree.

 U.S. Const. art. I, § 10, and Colo. Const. art. II, § 11, prohibit the General Assembly from enacting an *ex post facto* law. Such laws include those that change the punishment or inflict a greater punishment than the law annexed to the crime when committed. *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).

The test for determining whether a criminal law is ex post facto is twofold. First, it must be retrospective, that is, it must apply to events occurring before its enactment. Second, it must disadvantage the offender affected by it. *Miller v. Florida, supra.*

### A.

 To be retrospective, a law must change the legal consequences of acts completed before its effective date. *Miller v. Florida, supra; Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).

Here, the charge was filed against petitioner in November 1985 for acts committed by her before that time. In July 1986, she entered her plea of guilty and was granted a deferred judgment. The General Assembly amended the statute in April 1988. The amendment did not indicate an effective date other than its approval date of April 1988.

Thus, when petitioner committed the offense and entered her plea, she had the opportunity to obtain an automatic limited access order upon completion of the conditions of her deferred judgment. However, when she petitioned the court for the order in 1990, she no longer had that opportunity but was instead subjected to the balancing test of the revised statute. Thus, the amendment changed the legal conse-

quences of acts completed before its effective date. Therefore, we conclude that the statute as amended is retrospective.

The People argue that amended statute is not retrospective in operation because it expressly does not apply until the charges are dismissed. And, in this case, the charges were not dismissed until March 1990, after the April 1988 effective date of the revised statute. We reject this argument.

As the Supreme Court stated in response to a similar contention in *Weaver v. Graham, supra:*

"This argument fails to acknowledge that it is the effect, not the form, of the law that determines whether it is *ex post facto.*"

### B.

 Next, we consider whether the statute as amended disadvantages petitioner, that is, whether it inflicts a greater punishment than the law annexed to the offense when it was committed. We hold that it does.

"Punishment" as referred to in case law discussing *ex post facto* laws is broader than an increase in the sentence. *See Weaver v. Graham, supra; Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).

Our supreme court in *Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972) acknowledged the harm to the individual that results from a criminal record:

"Notwithstanding the absence of a conviction, the mere record of arrest often works as a serious impediment and basis of discrimination in the search of employment, in securing professional, occupational, or other licenses and in subsequent relations with the police and the courts."

We conclude that, by denying petitioner the automatic entry of a limited access order in accordance with the amended statute, the court increased the punishment she would have received under the law as it existed at the time she committed the of-

fense. *See State v. Anderson,* 12 Kan. App.2d 342, 744 P.2d 143 (1987).

Consequently, we hold that the application of the revised statute to petitioner violates the *ex post facto* clauses of the United States and Colorado constitutions.

Because of our disposition of the first issue, we need not consider petitioner's remaining contention.

Accordingly, the order of the trial court is reversed, and the cause is remanded to the trial court with directions to vacate the order and enter an order pursuant to Colo. Sess.Laws 1983, ch. 189, § 24–72–308, at 680–681 limiting access to petitioner's criminal records involved in this matter.

TURSI and CRISWELL, JJ., concur.