No. 102,383

STATE OF KANSAS, *Appellant*, v. ALLEN F. JABEN, *Appellee*.

(277 P.3d 417)

Opinion
filed June 1, 2012.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Stephen M. Howe*, district attorney, and *Steve Six*, attorney general, were with him on the brief for appellant.

*William K. Rork*, of Rork Law Office, of Topeka, argued the cause, and *Wendie C. Bryan*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: In this State appeal of a question reserved pursuant to K.S.A. 22-3602(b)(3), the State contends the district court erred

in expunging Allen F. Jaben's 1977 convictions for attempted rape, rape, aggravated sodomy, aggravated kidnapping, and aggravated battery. The State urges us to find that the district court should have applied the expungement statute in effect at the time Jaben filed his expungement petition, K.S.A. 21-4619(c), which prohibited expungement of those convictions. Instead, the district court applied the statute in effect at the time Jaben committed his crimes of conviction, K.S.A. 21-4617 (Weeks), which permitted expungement of Jaben's convictions.

We answer the question reserved by concluding that because the legislature did not clearly indicate an intent to retrospectively apply the statute in effect at the time Jaben filed his petition, K.S.A. 21-4619, it applies only prospectively. Thus, in determining whether expungment of Jaben's convictions is permitted, the district court in this case correctly applied the expungement statute in effect at the time the crimes underlying the convictions sought to be expunged were committed.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1977, Jaben pleaded guilty to two counts of rape and one count each of attempted rape, aggravated sodomy, aggravated kidnapping, and aggravated battery for crimes he committed in 1974 and 1975. Jaben received a controlling maximum sentence of life imprisonment from which he was paroled in 2001.

Jaben was released from parole in 2004 and, in June 2008, he filed two separate petitions seeking to expunge his 1977 convictions. The State objected to Jaben's petitions, arguing his convictions for rape and aggravated sodomy could not be expunged under K.S.A. 21-4619(c), the expungement statute in effect at the time Jaben filed his petitions. Citing *State v. Anderson*, 12 Kan. App. 2d 342, 744 P.2d 143 (1987), the district court applied the expungement statute in effect at the time the offenses were committed, K.S.A. 21-4617(a) (Weeks), and expunged Jaben's convictions.

After consolidating Jaben's petitions for purposes of appeal, the State initially appealed on a question reserved pursuant to K.S.A. 22-3602(b)(3). However, the State later filed an amended notice of appeal adding "K.S.A. 60-2103" as an additional basis for appeal.

The appeal was transferred to this court on the court's own motion under K.S.A. 20-3018(c).

## DISCUSSION

*The State's appeal is permissible only on a question reserved.*

The State suggested at oral argument that because it filed its notice of appeal both from a question reserved and as a direct civil appeal, this court can directly consider the district court's decision granting expungement instead of ruling only on a question reserved. We disagree.

A petition for expungement must be docketed in the original criminal action. K.S.A. 21-4619(d)(6). Thus, K.S.A. 60-2103, which governs appellate procedure in civil actions, does not apply. Instead, K.S.A. 22-3602(b)(3), which permits an appeal on a question reserved, provides the only basis for the State's appeal in this case.

Moreover, we do not entertain questions reserved by the prosecution merely to show that the district court erred in its ruling. Instead, questions reserved "generally presuppose that the case on appeal has concluded but that an answer to an issue of statewide importance is necessary for proper disposition of future cases." *State v. Masterson*, 261 Kan. 158, 161, 929 P.2d 127 (1996). See also *State v. Berreth*, 294 Kan. 98, 273 P.3d 752, 767 (2012) (questions reserved by State in criminal prosecutions must be issues of statewide interest important to the correct and uniform administration of criminal law and will not be entertained merely to determine whether error was committed by the district court in its rulings adverse to the State; appellate courts' answers to questions reserved have no effect on the criminal defendant in the underlying case).

Here, the question reserved is whether, when faced with a petition for expungement, the district court applies the expungement statute in effect at the time of the filing of the petition, in this case K.S.A. 21-4619, or the expungement statute in effect at the time the crimes were committed. We agree with the State that this presents a question of statewide importance, resolution of which will further the uniform administration of the law.

*The expungement statute in effect at the time Jaben filed his petition, K.S.A. 21-4619, does not apply retrospectively to his petition for expungement.*

Because resolution of this issue involves interpretation of statutes and prior cases, our review is unlimited. *Johnson v. Brooks Plumbing,* 281 Kan. 1212, 1213, 135 P.3d 1203 (2006).

Before considering the question reserved by the State in this case, we first note that the expungement statute in effect at the time Jaben filed his expungement petition, K.S.A. 21-4619, has been renumbered and amended and can now be found at K.S.A. 2011 Supp. 21-6614c. We caution that our discussion below of the issue of whether K.S.A. 21-4619 has retrospective application should not be read or interpreted to apply to the statute currently in effect or any other future amended version of the statute.

K.S.A. 21-4617 (Weeks), the expungement statute in effect at the time Jaben's crimes were committed (and the statute applied by the district court in this case to expunge his convictions) provided, in relevant part:

"(a) Every offender who was twenty-one (21) years of age or older at the time of the commission of the crime for which he was committed and who has served the sentence imposed or who has fulfilled the conditions of his . . . parole for the entire period thereof . . . may petition the court five (5) years after the end of such sentence, the fulfilling of such conditions of . . . parole or such discharge from . . . parole and may request that his record be expunged of such conviction if during such five (5) year period such person has exhibited good moral character and has not been convicted of a felony." K.S.A. 21-4617 (Weeks).

In 1978, the legislature repealed K.S.A. 21-4617 and replaced it with K.S.A. 21-4619. See L. 1978, ch. 120, sec. 28. In June 2008, when Jaben petitioned to expunge his convictions, K.S.A. 21-4619 provided, in relevant part:

"(b) Except as provided in subsection (c), no person may petition for expungement until five or more years have elapsed since the person satisfied the sentence imposed . . . or was discharged from . . . parole, . . . if such person was convicted of a class A, B or C felony, or for crimes committed on or after July 1, 1993, if convicted of an off-grid felony or any nondrug crime ranked in severity levels 1 through 5 or any felony ranked in severity levels 1 through 3 of the drug grid, or: [specifically listed crimes].

"(c) *There shall be no expungement of convictions for the following offenses* or of convictions for an attempt to commit any of the following offenses: (1) *Rape as defined in K.S.A. 21-3502, and amendments thereto;* . . . *(5) aggravated criminal sodomy as defined in K.S.A. 21-3506, and amendments thereto;* . . . or (22) any conviction for any offense in effect at any time prior to the effective date of this act, that is comparable to any offense as provided in this subsection.

. . . .

"(e) At the hearing on the petition, the court shall order the petitioner's arrest record, conviction or diversion expunged if the court finds that:

(1) The petitioner has not been convicted of a felony in the past two years and no proceeding involving any such crime is presently pending or being instituted against the petitioner;

(2) the circumstances and behavior of the petitioner warrant the expungement; and

(3) the expungement is consistent with the public welfare." (Emphasis added.)

Thus, while the expungement statute in effect when Jaben filed his petition in 2008 prohibited expungement of Jaben's convictions, the expungement statute in effect at the time Jaben committed his crimes of conviction in 1974 and 1975 permitted expungement of those crimes if certain other conditions were met.

In granting Jaben's petitions, the district court relied on *State v. Anderson*, 12 Kan. App. 2d 342. There, the defendant sought expungement of his conviction under K.S.A. 21-3511 for aggravated indecent solicitation of a child. As in the present case, at the time of Anderson's conviction in 1974 the law permitted a defendant to petition for expungement 5 years after fulfilling the terms of his or her probation. 12 Kan. App. 2d at 343; K.S.A. 21-4617(a) (Weeks).

Nevertheless, in *Anderson* the district court applied the statute in effect at the time the defendant filed his expungement petition, K.S.A. 1986 Supp. 21-4619(c)(6), which prohibited expungement of convictions for violations of K.S.A. 21-3511. The sole issue in *Anderson* was whether the district court's retrospective application of K.S.A. 1986 Supp. 21-4619(c)(6) violated the Ex Post Facto Clauses of the United States Constitution. 12 Kan. App. 2d at 343. See U.S. Const. Art. I, § 9 ("No Bill of Attainder or ex post facto Law shall be passed."); U.S. Const. Art. I, § 10 ("No State shall . . . pass any . . . ex post facto Law.").

As the *Anderson* panel recognized, the Ex Post Facto Clauses prohibit the enactment of any law " ' "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." ' " 12 Kan. App. 2d at 344 (citing *Weaver v. Graham*, 450 U.S. 24, 28, 101 S. Ct. 960, 67 L. Ed. 2d 17 [1981]). The panel held:

"For a criminal law or penal law to be ex post facto, two elements must be present: the law 'must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.' *Weaver*, 450 U.S. at 29; *Stokes v. Orr*, 628 F. Supp. 1085, 1086 (D. Kan. 1985)." *Anderson*, 12 Kan. App. 2d at 344.

Regarding the first element in the ex post facto analysis—*i.e.*, whether the law in question was retrospective—the panel in *Anderson* appeared to decide without analysis that because the district court applied the law retrospectively that the statute was intended to apply retrospectively. 12 Kan. App. 2d at 344 (holding that application of the 1986 statute to defendant's 1974 conviction "clearly [met] the first element of an ex post facto law"). The panel further concluded the retroactive application of K.S.A. 1986 Supp. 21-4619(c)(6) satisfied the second element of an ex post facto law because it disadvantaged the defendant by eliminating the defendant's opportunity to apply for expungement of his conviction. Accordingly, the panel reversed and remanded the case "for consideration of defendant's motion based upon the law in effect at the time the defendant committed the offense of which he was convicted." 12 Kan. App. 2d at 345.

The State urges us to reconsider the second prong of *Anderson*'s ex post facto analysis in light of *Kansas v. Hendricks*, 521 U.S. 346, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997), and decisions from other jurisdictions finding that retroactive application of an amended expungement statute does not constitute an ex post facto violation. But we need not reach that issue as our consideration of the first element of the ex post facto analysis leads us in a different direction.

It is a well-established rule that a statute operates prospectively unless its language clearly indicates a legislative intent to apply it retrospectively or the statutory change is procedural or remedial

in nature and does not prejudicially affect the parties' substantive rights. See *State v. Martin*, 270 Kan. 603, 608-09, 17 P.3d 344 (2001). Thus, in considering the first prong of the ex post facto analysis, we must determine whether our legislature indicated a clear intent for K.S.A. 21-4619 to apply retrospectively.

K.S.A. 21-4619 does not expressly state that the statute applies retrospectively to convictions for crimes occurring before its enactment. Nor can we ascertain any clear legislative intent that the expungement statute be applied retrospectively. The only provision of the statute that even appears to address prior offenses is K.S.A. 21-4619(c)(22), which prohibits expungement of "any conviction for any offense in effect at any time prior to the effective date of this act, that is comparable to any offense as provided in this subsection." But we do not interpret this "catch all" provision as a clear expression of legislative intent for retrospective application of the statute. Compare *State v. T.P.M.*, 189 N.J. Super. 360, 362, 460 A.2d 167 (1983) (finding New Jersey expungement statute that applied " 'to arrests and convictions which occurred prior to, and which occur subsequent to, the effective date of this act' " made expungement statute retrospective "in all respects"); and *State v. Burke*, 109 Or. App. 7, 10, 818 P.2d 511 (1991) (finding that amendment to Oregon expungement statute which applied to " 'convictions and arrests which occurred before, as well as those which occurred after' " effective date of act, unambiguously expressed legislative intent to have statute apply retrospectively).

Because K.S.A. 21-4619 contains no clear language indicating a legislative intent for retrospective application, we conclude the statute applies only prospectively. Thus, at least under the statutory scheme in effect at the time Jaben filed his petition, a district court faced with a petition to expunge convictions was required to apply the expungement statute in effect at the time of the commission of the crimes underlying the convictions sought to be expunged. In light of this conclusion, we need not reach the issue decided by *Anderson*—*i.e.*, whether retrospective application of the statute

disadvantaged Jaben and thus violated the prohibition against ex post facto laws.

Appeal denied.