NOT DESIGNATED FOR PUBLICATION

No. 122,418

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JUSTIN W. STEINERT,
*Appellant.*


MEMORANDUM OPINION


Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 24, 2022. Affirmed in part and dismissed in part.


*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.


*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HURST, P.J., BRUNS and GARDNER, JJ.


PER CURIAM: Justin W. Steinert entered an *Alford* plea to one count each of aggravated robbery, contributing to a child's misconduct, distribution of marijuana, and possession of distribution paraphernalia. As agreed to in the plea agreement, the State asked the district court to find that Steinert had committed aggravated robbery, a person felony, with a firearm. At sentencing, the district court found Steinert's criminal history score to be H, and Steinert agreed. The district court informed Steinert at both the plea and sentencing hearings that he would need to register as a violent offender because of

1

his aggravated robbery conviction, and it sentenced Steinert to 71 months of imprisonment.

Steinert appeals, raising multiple challenges to his sentence. He argues the district court failed to make specific findings triggering the registration requirement, and that substantial competent evidence does not support the district court's finding. He contends the district court imposed an illegal sentence, and that the Kansas Offender Registration Act (KORA) violates both *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and the Due Process Clause of the Fourteenth Amendment. And finally, he argues the Kansas Sentencing Guidelines Act (KSGA) violates section 5 of the Kansas Constitution and that the district court violated *Apprendi* by making judicial fact-findings of his prior convictions rather than have a jury consider those facts. But the Kansas Supreme Court has rejected all of these constitutional arguments. And our review of the record shows that the district court made the necessary finding to trigger the registration requirement, and that substantial competent evidence supports that finding. Nor do we find that Steinert's criminal history score renders his sentence illegal. We thus find no reversible error.

*Factual and Procedural Background*

In November 2018, the State charged Justin W. Steinert with kidnapping, aggravated assault, contributing to a child's misconduct or deprivation, distribution of marijuana, and possession of distribution paraphernalia. In November 2019, under a plea agreement, Steinert entered *Alford* pleas to one count each of aggravated robbery, contributing to a child's misconduct, distribution of marijuana, and possession of distribution paraphernalia. The plea agreement said the State would ask the district court to find that Steinert committed the crimes with a firearm. It also included a provision stating Steinert acknowledged his duty to register under the KORA because of the aggravated robbery conviction.

During the plea hearing, the State proffered a factual basis for the crimes. That factual basis alleged Steinert pointed a gun at J.B., a 15-year-old boy who was walking by a residence, and escorted him into the residence at gun point. Steinert made J.B. sit on the couch, then took his cellphone to find J.B.'s phone number and address. Steinert left the boy momentarily and returned with a Tupperware container containing a "green botanical substance, . . . later confirmed [to be] marijuana" and a small baggie of the same. Steinert gave the items to J.B. and instructed him to go sell the marijuana substance and return with the money. Steinert then allowed J.B. to leave.

Rather than complying with Steinert's demands, J.B. went straight home and reported the events to his stepfather. When law enforcement officers responded to the scene they found Steinert and saw a disassembled firearm in plain view on the couch J.B. said he had been told to sit on. Steinert later admitted to law enforcement that he had given J.B. a scale and marijuana to sell.

The district court accepted Steinert's plea, finding it was knowingly and voluntarily made. The State asked the court to make the firearm finding, and it did so. The district court told Steinert that he needed to register his current address at all times under KORA. The district court ensured Steinert had read and understood the written notice of his duty to register.

Steinert's Presentence Investigation report (PSI) showed his criminal history score was H based on a classification of two nonperson adult misdemeanors: one Kansas conviction for driving while suspended; and one Arkansas municipal violation of ordinance "5-36-116", described as "Theft/Shoplifting" in Cleburne County, Arkansas. The PSI also showed that if the district court found Steinert committed a person felony with a deadly weapon, the sentencing statute would require presumptive imprisonment and Steinert would need to register as a violent offender.

3

At sentencing, the district court found Steinert's criminal history score to be H. Neither Steinert nor the State objected. The district court asked Steinert personally whether he agreed with his criminal history score on the PSI, and Steinert replied affirmatively. The district court then sentenced Steinert to a controlling 71-month term of imprisonment for the primary crime of conviction and ordered all other sentences to run concurrently.

Steinert timely appeals, challenging his sentence.

*Did the District Court Err in Sentencing Steinert with the Incorrect Criminal History Score?*

We first address Steinert's assertion that the district court erred because it used a criminal history score that may have been incorrect because it depended on his Arkansas conviction. If his Arkansas conviction is not used, his criminal history score would have been I instead of H.

Steinert entered an *Alford* plea, got a presumptive sentence, and failed to raise this issue to the district court. Any one of those facts would ordinarily preclude us from addressing the merits of this argument on appeal. See K.S.A. 2021 Supp. 22-3602(a) (this court generally lacks jurisdiction to review an appeal from a judgment of conviction upon a guilty or no contest plea); K.S.A. 2021 Supp. 21-6820(c) (this court lacks jurisdiction to review a presumptive sentence); *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014) (a party generally cannot raise issues on appeal not raised before the district court). But general rules have exceptions, and the Kansas Supreme Court liberally construes the laws in this context, so we choose to address this claim on the merits. *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

Whether a sentence is illegal is a question of law over which we have unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). Similarly, statutory interpretation of the revised KSGA is a question of law subject to our unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

Steinert argues his Arkansas conviction cannot be scored against him because: (1) K.S.A. 2018 Supp. 21-6811(e)(4) does not account for prior out-of-state municipal convictions; (2) the State did not meet its burden to prove his Arkansas conviction was properly classified under K.S.A. 2018 Supp. 21-6811(e)(2); and (3) the Kansas Supreme Court decision in *State v. Youngblood*, 288 Kan. 659, Syl. ¶ 3, 206 P.3d 518 (2009), requires all prior convictions in which a district court imposes jailtime to have been "counseled" as required by the Sixth Amendment. We are not persuaded.

1. *Out-of-state municipal convictions are properly counted in criminal history scores*

Steinert committed his crimes in November 2018, so K.S.A. 2018 Supp. 21-6811 controls his sentence. See *State v. Rice*, 308 Kan. 1510, 1512, 430 P.3d 430 (2018) ("Criminal statutes and penalties in effect at the time of the criminal act are controlling."). K.S.A. 2018 Supp. 21-6811(e)(4) defines out-of-state convictions as "[c]onvictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal or military courts." Steinert contends this statute fails to mention municipal convictions so his out-of-state municipal conviction cannot be considered.

But it is unclear that Steinert's Arkansas conviction was a municipal conviction. True, the PSI shows the jurisdiction is "M" for "Municipal" for Steinert's violation of the "Statute/Ordinance" number "5-36-116," described as "Theft/Shoplifting." But it also shows Steinert's conviction was in Cleburne County, in the city of Heber Springs, in

5

"Cleburne Co. District" court, and the Arkansas code provides that the Cleburne County District Court is an Arkansas state court and part of the overall Arkansas state court system. Ark. Code Ann. § 16-17-1110 (2015).

But even if Steinert's Arkansas conviction was a municipal conviction, we find no merit to his argument. Our court has repeatedly and correctly rejected the argument that out-of-state municipal convictions do not count in a defendant's criminal history. See *State v. Herrelson*, No. 123,346, 2022 WL 68122, at *2-3 (Kan. App. 2022) (unpublished opinion) (finding a Missouri municipal ordinance violation counts as a misdemeanor because it is an "out-of-state" conviction under K.S.A. 2018 Supp. 21-6811(e)(4); *State v. Keith*, No. 122,456, 2021 WL 2387240, at *5 (Kan. App. 2021) (unpublished opinion) (finding Missouri municipal courts are part of Missouri 'state system' so they are in 'other state systems' category in K.S.A. 2018 Supp. 21-6811[e][4]), *rev. denied* 314 Kan. 857 (2021); *State v. Cross*, No. 121,517, 2020 WL 5079891, at *2-3 (Kan. App. 2020) (unpublished opinion) (holding "state systems" include out-of-state municipal misdemeanors). These cases are soundly reasoned and are persuasive.

When determining legislative intent, we must consider various provisions of an act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. And we must construe statutes to avoid unreasonable results, presuming the Legislature does not enact meaningless or redundant legislation. *State v. Keel*, 302 Kan. 560, 573-74, 357 P.3d 251 (2015). These standards, applied here, require us to consider a statute that Steinert ignores—K.S.A. 2018 Supp. 21-6810.

K.S.A. 2018 Supp. 21-6810(a) provides that criminal history includes "convictions and adjudications for violations of municipal ordinances or county resolutions which are comparable to any crime classified under the state law of Kansas as a person misdemeanor." And subsection (d)(6) of that statute provides that "all municipal ordinance and county resolution violations comparable to such [class A nonperson and

class B select nonperson] misdemeanors, shall be considered and scored." These statutes provide for the inclusion of municipal violations as prior convictions, as other panels of this court have found. We join them in finding that K.S.A. 2018 Supp. 21-6811(e)(4) includes out-of-state municipal convictions as convictions from "other state systems." See *Herrelson*, 2022 WL 68122, at *2-3.

### 2. *The State met its burden under K.S.A. 2018 Supp. 21-6811(e)(2)*

Steinert next argues that the State failed to carry its burden of proof to establish that his Arkansas conviction is appropriately scored under K.S.A. 2018 Supp. 21-6811(e)(2). Steinert relies on *Wetrich*, 307 Kan. at 562, to argue the State failed to meet its burden to prove at sentencing that his Arkansas conviction was identical to, or narrower than, a comparable Kansas crime.

But the State correctly argues that K.S.A. 2018 Supp. 21-6814, rather than K.S.A. 2018 Supp. 21-6811(e)(2), establishes the applicable burdens of proof and procedure for determining a defendant's criminal history score:

"(a) The offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge.

"(b) Except to the extent disputed in accordance with subsection (c), the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history.

"(c) *Upon receipt of the criminal history worksheet* prepared for the court, t*he offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet*. . . . The state shall have the burden of proving the disputed portion of the offender's criminal history. . . . *If the offender later challenges such offender's criminal history*, which has been previously established, the *burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence*." (Emphases added.) K.S.A. 2018 Supp. 21-6814.

7

Steinert did not dispute his criminal history at the sentencing hearing in accordance with subsection (c). Steinert did not object to his criminal history score, nor did he give written notice of an error on the PSI. Rather, he stipulated to his criminal history score, then personally agreed it was correct when the court asked him about it. Thus, under K.S.A. 2018 Supp. 21-6814(b), the summary of Steinert's criminal history prepared for the court satisfied the state's burden of proof of Steinert's criminal history. See K.S.A. 2018 Supp. 21-6814(a); *State v. Corby*, 314 Kan. 794, 798, 502 P.3d 111 (2022) (following plain language of K.S.A. 21-6814 and finding Corby's admission to his criminal history score at sentencing relieved State of its burden even though PSI failed to state which subsection of a statute Corby had violated). Here, as in *State v. Roberts*, 314 Kan. 316, 334-36, 498 P.3d 725 (2021), the defendant's admission to his criminal history score relieved the State of its burden to prove that the defendant's prior misdemeanor convictions in his criminal history score were counseled.

We note that K.S.A. 2018 Supp. 21-6814(c) permits a defendant to "later" challenge one's previously established criminal history by proving criminal history by a preponderance of the evidence. After Steinert received the State's Rule 6.09 letter focusing on *Corby*, Steinert apparently tried to meet his burden of proof by moving to add an alleged journal entry of his Arkansas conviction to the record on appeal. But Kansas Court of Appeals Chief Judge Arnold-Burger denied his motion because that journal entry was not part of the record in the district court and did not comply with Kansas Supreme Court Rule 3.01 (2022 Kan. S. Ct. R. at 20). Steinert then moved for reconsideration, but this court denied it. Undeterred, Steinert petitioned for review to the Kansas Supreme Court, but the Supreme Court denied review.

Steinert then tried for his fourth bite at the apple. He filed, for the first time, in this court, a motion for an illegal sentence and appended to his brief a copy of the same Arkansas journal entry that this court had ruled he could not add to the record on appeal. (That motion asks this court to retain jurisdiction but "remand" his illegal sentence

motion to the district court for a hearing before we decide his direct appeal.) Some may say these acts raise the spectre of judge shopping. See *Steward v. Dow Corning Corp.*, No. 92-1105-K, 1992 WL 75195, at *1 (D. Kan. 1992) ("[J]udge shopping has been described as the situation existing where plaintiffs 'see a storm brewing in the first court [and] try to weigh anchor and set sail for the hopefully more favorable waters of another district.'" [citing *Telesco v. Telesco Fuel & Masons' Material, Inc.*, 765 F.2d 356, 360 n 4 (2d Cir.1985)]).

But even if not, our rules do not sanction attaching to a brief documents that are not part of the record. See, e.g., *In re Hawver*, 300 Kan. 1023, 1048, 339 P.3d 573 (2014) (finding document attached to Hawver's brief "is not properly before this court because it is not part of the record" as required by Supreme Court Rule 6.02[b] [2022 Kan. S. Ct. R. at 35]). Because Steinert did not submit this document to the district court and it is not part of the appellate record, we do not consider it. See Supreme Court Rule 6.03(b) (2022 Kan. S. Ct. R. at 36); *Pittman v. Bliss*, No. 113,577 2015 WL 9302708, at *4 (Kan. App. 2015) (unpublished opinion). And neither our rules nor the controlling statute permit a defendant to file a motion for an illegal sentence with an appellate court, in the first instance. See K.S.A. 2021 Supp. 22-3504. To say that an illegal sentence may be corrected "at any time" does not mean that one may file that motion "in any court." We are a court of review, not a fact-finding court. *State v. Hutto*, 313 Kan. 741, 746-47, 490 P.3d 43 (2021); see *State v. Vonachen*, 312 Kan. 451, 457-58, 476 P.3d 774 (2020).

Steinert's admission at the sentencing hearing satisfied the state's burden of proof regarding his criminal history, and Steinert failed to meet his later burden to prove his criminal history score was erroneous. Accordingly, Steinert's claim that his sentence may be illegal based on misclassification of his prior out-of-state conviction is dismissed, consistent with the disposition of the appeals in *Corby* and *Roberts*. See *Corby*, 314 Kan. at 798; *Roberts*, 314 Kan. at 336.

3. *State v. Youngblood "uncounseled" convictions*

Steinert next contends that his Arkansas misdemeanor conviction may have been uncounseled.

An uncounseled misdemeanor conviction for which a district court sentenced a defendant to prison time is unconstitutional and cannot be used in a later criminal proceeding for sentence enhancement. *State v. Tims*, 302 Kan. 536, 541, 355 P.3d 660 (2015) (affirming *Youngblood*). But as *Roberts* held, the burden to prove the invalidity of such a prior conviction rests on the defendant who did not object at sentencing:

> "[A] defendant who fails to object under K.S.A. 2020 Supp. 21-6814(c) at sentencing to the constitutional validity of a prior conviction used to enhance a current sentence, based on a claim of the absence of counsel without a valid waiver, has the burden to show the prior conviction is invalid, regardless of whether the defendant's constitutional challenge to the allegedly uncounseled conviction in criminal history is brought on direct appeal of the current sentence or in a proceeding collaterally attacking that sentence." 314 Kan. at 334-35.

Steinert did not object at sentencing. He now argues that his Arkansas conviction *may have* been uncounseled, yet he does not prove that it was uncounseled. He contends that the document he erroneously attached to his brief suggests that his Arkansas conviction may have been uncounseled. Yet the documents of record fail to show that Steinert's Arkansas conviction was uncounseled. Because Steinert fails to meet his "burden to show his prior conviction is invalid," *Roberts*, 314 Kan. at 334-35, his *Youngblood* argument fails.

*Did the District Court Make the Necessary Violent Offender Finding, and if so, Does Substantial Competent Evidence Support Those Findings?*

We next consider Steinert's argument that the district court failed to make the necessary violent offender finding, and that even if it made that finding, that finding is unsupported by substantial competent evidence.

Generally, appellate courts lack jurisdiction to review convictions stemming from a plea, but appellate courts have jurisdiction under K.S.A. 2021 Supp. 22-3602(a) to consider a direct appeal by a defendant who pleaded guilty and challenges a district court's order that the defendant comply with KORA. See *State v. Marinelli*, 307 Kan. 768, 788, 415 P.3d 405 (2018). As a result, this court has jurisdiction to review this issue.

### The Journal Entry Suffices for the Factual Finding

Steinert argues that he does not have a duty to register because the duty springs into existence only if (a) the defendant is convicted of a person felony, and (b) the district court makes a factual finding on the record that a deadly weapon was used in the commission of the crime. We review the KORA registration statute de novo.

Generally, the KORA requires the district court make a deadly weapon finding on the record and inform the offender at the time of conviction about the need to register. *Marinelli*, 307 Kan. at 769. Yet in *Marinelli*, the court failed to make explicit findings on the record. Still, the Kansas Supreme Court held the district court satisfied K.S.A. 2017 Supp. 22-4902(e)(2) because (1) the court checked a box labeled "'Yes'" next to the question asking whether an offender committed the current crime with a deadly weapon; (2) the journal entry reflected that the court informed Marinelli of his duty to register; and (3) the supplement attached to the journal entry revealed the offender needed to register

as a violent offender for "'[a]ny conviction for a comparable person felony committed with a DEADLY WEAPON.'" 307 Kan. at 788-89.

Just like in *Marinelli*, the district court here indicated on the journal entry of conviction that (1) the district court made a finding that Count 1, aggravated robbery, was committed with a firearm; (2) Steinert was convicted of a person felony that he committed while using a deadly weapon; and (3) the law required Steinert to register due to his violent offender status. Steinert's signed plea agreement showed the State would ask the court to order that the offenses were committed with a firearm. And when the State asked the district court during the plea hearing to find Steinert committed the crimes for which he was found guilty with a firearm, the district court responded, "I will make those findings."

Though not explicitly stated on the record, the district court showed in the journal entry its factual finding that Steinert committed an aggravated robbery using a firearm. And appellate courts may rely on the journal entry to make this finding. See *State v. Carter*, 311 Kan. 206, 210-211, 459 P.3d 186 (2020) (finding the general rule that statements from the bench control over the contents of the journal entry inapplicable because registration is not part of a defendant's sentence). The journal entry is thus sufficient for this court to determine the district court made the necessary findings under K.S.A. 2018 Supp. 22-4902(e)(2). See *Marinelli*, 307 Kan. at 788-89.

*Substantial Competent Evidence Supports the Deadly Weapon Finding*

Steinert alternatively argues that substantial competent evidence fails to support the district court's findings that Steinert used a deadly weapon in the commission of a person felony. We review the record to determine whether substantial competent evidence supports the district court's decision. *Carter*, 311 Kan. at 211.

At the plea hearing during the State's factual basis, the State proffered that Steinert approached J.B. outside a residence, pointed a gun at him, and then escorted him into the residence before demanding J.B. sit on the couch and hand over his phone. But Steinert's trial counsel argued at sentencing that the firearm was disassembled and that Steinert had not used it when committing the alleged offenses. Steinert's trial counsel speculated that the victim had used that gun to somehow justify to his stepfather why he was in possession of drugs. Steinert always maintained he did not brandish a firearm, and relied on that same argument to support a motion for a downward or dispositional departure.

Steinert suggests that this conflicting evidence defeats the district court's factual findings. But in reviewing the record for substantial competent evidence, this court cannot reweigh evidence or reassess credibility. *State v. Rinke*, 313 Kan. 888, 892, 491 P.3d 1260 (2021).

Steinert's argument that the firearm was not a deadly weapon because it had been disassembled by the time officers arrived is unpersuasive—it may have been fully assembled when J.B. was in the home earlier that day. And a disassembled firearm is still a firearm.

But even if the firearm were disassembled when the child was present, the fact that it was present and *somehow* "used" is enough under the plain reading of the registration statute. That statute provides that a violent offender is one who "is convicted of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony." K.S.A. 2018 Supp. 22-4902(e)(2). Steinert here concedes that the district court found that a firearm was used in the commission of his crimes, but he contends this is not a finding that a firearm was used in the commission of a person felony as required by K.S.A. 2018 Supp. 22-4902(e)(2). But though there is contrary evidence on whether Steinert used the firearm to force the victim to hand over

13

his phone, the fact still stands that this court cannot reweigh evidence, and the evidence presented by the State is enough to make that finding.

Substantial competent evidence supports the district court's finding that Steinert used the firearm to commit his crimes. We thus affirm the district court's order of registration. See *Carter*, 311 Kan. at 211.

*KORA Does Not Violate Due Process by Failing to Provide an Explicit Burden of Proof or Procedure to Contest Discretionary Findings.*

Steinert next contends that KORA violates due process by failing to provide an explicit burden of proof or procedure to contest discretionary findings. He concedes that he failed to raise this issue to the district court. So he cannot raise this constitutional issue for the first time on appeal, absent some exception. And even then, this court may choose not to review the issue under its prudential doctrine. See *Gray*, 311 Kan. at 170.

Steinert argues this court should review this issue because it implicates the denial of his fundamental due process rights. We note that other panels of our court have considered these types of claims even though the defendant did not first raise it in the district court. See *State v. Unruh*, No. 122,472, 2021 WL 4808279, at *4-5 (Kan. App. 2021) (unpublished opinion); *State v. Epp*, No. 121,872, 2020 WL 6930597, at *2 (Kan. App. 2020) (unpublished opinion); *State v. Ford*, No. 119,328, 2019 WL 3242420, at *2 (Kan. App. 2019) (unpublished opinion), *rev. denied* 311 Kan. 1048 (2020). As a result, we choose to review the issue.

Appellate courts presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. Courts must interpret a statute in a way that makes it constitutional if there is any reasonable construction that would maintain the Legislature's apparent intent. *State v. Gonzalez*, 307 Kan. 575, 579, 412 P.3d 968 (2018); but see

14

*Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 1132-33, 442 P.3d 509 (2019) (finding that the presumption of constitutionality does not apply to a statute dealing with "'fundamental interests'" protected by the Kansas Constitution).

*Discussion*

The Due Process Clause of the Fourteenth Amendment to the United States Constitution precludes the government from "depriv[ing] a person of a property right or a liberty interest without affording that person the opportunity to be heard in a meaningful way and at a meaningful time to avert a wrongful deprivation of that right or interest." *State v. Gonzalez*, 57 Kan. App. 2d 618, Syl. ¶ 1, 457 P.3d 938 (2019); see *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) ("'The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"). Despite its fundamental character, "[c]onstitutional due process is an especially elastic concept in that the protections required vary depending upon the importance of the specific property right or liberty interest at stake." *Gonzalez*, 57 Kan. App. 2d 618, Syl. ¶ 2.

Steinert argues the KORA impinges on his liberty and takes his property because it requires him to, among other matters, pay $20 in each county in which he lives, works, and goes to school. We agree that Steinert has a liberty or property interest warranting some level of due process.

1. *Opportunity to contest the district court's deadly weapon finding*

Steinert first argues that KORA violates his due process rights by not giving him an opportunity to contest the court's discretionary finding in K.S.A. 2018 Supp. 22-4902(e)(2) that he used a deadly weapon in committing a person felony. He maintains that regulatory schemes like those regulating driver's licenses and law licenses require

due process, so KORA should afford defendants the same. Steinert asks this court to find that the fact KORA lists *no explicit method* violates a defendant's procedural due process.

Several other panels of this court have rejected this same argument about KORA's discretionary findings. See *Unruh*, 2021 WL 4808279, at *5-8; *State v. Ruwart*, No. 121,621, 2021 WL 1703646, at *3 (Kan. App. 2021) (unpublished opinion); *Epp*, 2020 WL 6930597, at *2; *Ford*, 2019 WL 3242420, at *2-3. Each case finds that the defendant had meaningful opportunities to object or challenge his registration and failed to show the district court violated his right to due process under the Fourteenth Amendment. For example, in *Epp*, the panel held Epp had many meaningful opportunities to be heard on the issue of whether he used a deadly weapon in committing the crime of criminal threat. Those opportunities included (1) at the plea hearing, (2) after the PSI was issued, and (3) at sentencing. *Epp*, 2020 WL 6930597, at *3-5.

Like the defendants in *Unruh*, *Ruwart*, and *Epp*, Steinert had the opportunity to challenge his duty to register (1) at the plea hearing, (2) after the PSI was issued, and (3) at sentencing. At Steinert's plea hearing, after the district court told Steinert of his duty to register and asked whether he had read the registration form, Steinert asked the district court whether he still had to register if he moved out of Kansas. This colloquy shows, at a minimum, that Steinert had a meaningful opportunity to be heard at his plea hearing. And in fact, he was heard because the district court recommended Steinert visit with a lawyer before deciding whether to move out of state. Similarly, Steinert's attorney addressed the issue at the sentencing hearing—to support a downward departure motion he argued that Steinert had not brandished a gun or pointed it at the victim and that it was merely disassembled and lying on a table. So Steinert had a meaningful opportunity to contest the district court's deadly weapon finding.

16

### 2. *No heightened standard of proof is necessary*

Steinert also challenges the KORA as unconstitutional because K.S.A. 2018 Supp. 22-4902(e)(2) contains no explicit standard of proof for offender registration. He contends that due process requires the district court to find beyond a reasonable doubt that he used a deadly weapon. Steinert concedes this court rejected this argument in *Ford*, which found that the proper burden of proof for discretionary registration findings is preponderance of the evidence. But he argues the *Ford* panel erred because it discounts the impact on the fundamental interest in liberty KORA imposes on registrants.

The *Ford* panel held:  "A preponderance of the evidence standard is presumptively applicable to civil actions unless 'particularly important individual interests or rights are at stake.'" 2019 WL 3242420, at *5. But a defendant's private interests are far outweighed by the government's considerable interest in protecting the public from reoffenders. And "whether a defendant used a deadly weapon is an objective, black-and-white standard not particularly susceptible to subjective values or biases of a judge. . . .  The purpose of KORA is to protect the public from designated offenders whom the Legislature has concluded are likely to reoffend." 2019 WL 3242420, at *6. Thus, due process does not require the district court to find beyond a reasonable doubt that a defendant used a deadly weapon to determine that person is a violent offender under K.S.A. 2018 Supp. 22-4902(e)(2). 2019 WL 3242420, at *6. See also *Unruh*, 2021 WL 4808279, at *8-10 (same); *Epp*, 2020 WL 6930597, at *7 (same).

We agree with the reasoning of the *Ford*, *Epp*, and *Unruh* panels and find that the impact KORA imposes on an offender's private interests does not rise to the level of a fundamental interest that warrants application of a stricter standard of proof. The risk of depriving defendants required to register under KORA of their private interests by using a preponderance of the evidence standard is low. And such a defendant's privacy interest is outweighed by the government's considerable interest in protecting the public.

17

As a result, we find KORA does not violate an offender's due process rights by failing to outline a process by which to contest discretionary findings under K.S.A. 2018 Supp. 22-4902(e)(2) or by failing to require proof beyond a reasonable doubt.

*Violent Offender Registration, When Imposed by Judicial Fact-finding, Does Not Violate* Apprendi.

Steinert next contends that imposing violent offender registration based on facts found by a judge rather than by a jury violates *Apprendi*.

In *Apprendi*, the United States Supreme Court held that any fact other than the existence of a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. Steinert argues that his registration requirement violates *Apprendi* because it allows the district court—rather than a jury—to find that he used a deadly weapon in the commission of his person felony. K.S.A. 2018 Supp. 22-4902(e)(2). That finding is necessary to impose registration on him as a violent offender. K.S.A. 2018 Supp. 22-4906(a)(1)(P).

But the Kansas Supreme Court has consistently held that a district court judge's deadly weapon finding under K.S.A. 2021 Supp. 22-4902(e)(2) does not constitute impermissible judicial fact-finding prohibited by *Apprendi*. See, e.g., *Carter*, 311 Kan. at 217; *State v. Perez-Medina*, 310 Kan. 525, 539-40, 448 P.3d 446 (2019); *Huey*, 306 Kan. at 1010.

Steinert concedes that the Kansas Supreme Court in *Carter* rejected his argument on this issue. But he argues that Kansas appellate courts have not yet analyzed this question under *State v. Anderson*, 12 Kan. App. 2d 342, 344-45, 744 P.2d 143 (1987). He argues the *Anderson* court found that denying a criminal defendant the ability to expunge

a conviction constitutes punishment for ex post facto purposes because it stigmatizes that person as a law breaker. We need not analyze this issue, however, because *Carter* is controlling.

*Carter* held judicial fact-finding to impose registration requirements does not violate *Apprendi*. 311 Kan. at 217. And this court is duty bound to follow Supreme Court precedent absent some indication the Court intends to stray from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). We find no such indication, so Steinert's argument necessarily fails. The district court's imposition of the registration requirement did not violate *Apprendi*.

*Judicial Fact-finding of Prior Convictions Does Not Violate Section 5 of the Kansas Constitution Bill of Rights.*

Steinert next argues that the KSGA violates section 5 of the Kansas Constitution Bill of Rights because it permits judicial fact-finding of prior convictions.

Section 5 of the Kansas Constitution Bill of Rights provides that "[t]he right of trial by jury shall be inviolate." Steinert argues section 5 requires a jury to determine penalty-enhancing prior conviction findings. Steinert concedes other panels of this court have rejected this argument, but he argues these decisions were wrongly decided. See *State v. Albano*, 58 Kan. App. 2d 117, 464 P.3d 332 (2020), and *State v. Valentine*, No. 119, 164, 2019 WL 2306626 (Kan. App. 2019) (unpublished).

After Steinert filed his brief, the Kansas Supreme Court definitively rejected in *State v. Albano*, 313 Kan. 638, 640-41, 487 P.3d 750 (2021), the very argument Steinert makes here. Albano argued to the Kansas Supreme Court that section 5 of the Bill of Rights required a jury to determine her prior convictions for sentencing purposes because the right to a jury trial is "inviolate." 313 Kan. at 640-41. But *Albano* held that section 5

19

preserves the jury trial right as it existed at common law in 1859 when the Kansas Constitution was ratified and that Kansas juries have traditionally determined guilt while the court determined punishment, which included the defendant's criminal history. 313 Kan. at 640-41.

Similarly, in *State v. Pearce*, 314 Kan. 475, 484, 500 P.3d 528 (2021), the Kansas Supreme Court rejected Pearce's same section 5 argument:

> "Finding no authority to support the contention that Kansas had adopted a common-law rule inconsistent with this traditional division of functions when the Kansas Constitution was adopted in 1859, [the Kansas Supreme Court] held that '[s]ection 5 of the Kansas Constitution Bill of Rights does not guarantee defendants the right to have a jury determine the existence of sentence-enhancing prior convictions under the revised [KSGA].'" 314 Kan. at 484-85 (quoting *Albano*, 313 Kan. 638, Syl. ¶ 4.)

Because Kansas courts historically made criminal history findings to impose punishment, "the KSGA's method of determining a defendant's criminal history does not implicate a defendant's right to a jury trial under section 5 of the Kansas Constitution Bill of Rights." 314 Kan. at 485.

This court is duty bound to follow Kansas Supreme Court precedent absent some indication the Kansas Supreme Court is straying from its previous position. See *Rodriguez*, 305 Kan. at 1144. Because we find no such indication, we follow *Albano* and *Pearce* and reject Steinert's constitutional challenge to the KSGA.

*Judicial Fact-finding of Prior Convictions Does Not Violate* Apprendi.

For the first time on appeal, Steinert argues that the district court violated his Sixth and Fourteenth Amendment rights under *Apprendi* by basing his sentence on his prior

convictions without requiring the State to prove those convictions to a jury beyond a reasonable doubt.

But the Kansas Supreme Court has held that the use of criminal history to calculate the presumptive KSGA sentence does not violate due process as interpreted by *Apprendi. State v. Sullivan*, 307 Kan. 697, 708, 414 P.3d 737 (2018) (reaffirming *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 [2002]). Steinert concedes *Ivory* rejected this argument, and he merely raises it to preserve it for federal review.

We follow our precedent and find the district court did not violate Steinert's constitutional rights by relying on his prior convictions to determine his sentence under the KSGA. See *Sullivan*, 307 Kan. at 708; see *Rodriguez*, 305 Kan. at 1144 (Kansas appellate courts are duty bound to follow Kansas Supreme Court precedent).

Appeal affirmed in part and dismissed in part. Motion for illegal sentence denied.